UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF OHIO

ROBERT SHIRK, )
 )
    Plaintiff, ) **Case No.:**
 )
    v. )
 ) **COMPLAINT AND DEMAND FOR**
ACM GROUP a/k/a ASSET & CAPITAL ) **JURY TRIAL**
MANAGEMENT GROUP, )
 ) **(Unlawful Debt Collection Practices)**
    Defendant. )
 )

## **COMPLAINT**

ROBERT SHIRK ("Plaintiff"), by his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against ACM GROUP a/k/a ASSET & CAPITAL MANAGEMENT GROUP.

## **INTRODUCTION**

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), which prohibits debt collectors from unlawful debt collection practices.

## **JURISDICTION AND VENUE**

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the State of Ohio, and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

**PARTIES**

5. Plaintiff is a natural person residing in Shelby, Ohio, 44875.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. Defendant ACM Group is a corporation specializing in debt collection with its principal place of business located at 17291 Irvine Boulevard, Tustin, California 92780.

8. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

10. At all relevant times, Defendant was attempting to collect an alleged consumer debt from Plaintiff, related to an HH Greg department store / GE Capital credit account.

11. The debt arose out of transactions that were primarily for personal, family, or household purposes.

12. As Plaintiff has no business debt, the debt sought by Defendant could only have been for personal purposes.

13. Throughout July 2013, Defendant's collectors, including John Morgan, placed repeated harassing telephone calls to Plaintiff's cellular telephone.

14. Defendant's calls originated from numbers, including but not limited to, (877) 957-8126. The undersigned has confirmed that these numbers belong to Defendant.

15. During one communication with Plaintiff, Defendant's collectors told Plaintiff that he had a court summons, but if the case settled then Plaintiff would not be in any trouble.

16. When Plaintiff requested the collector send him the court documents, the collector said he would, but indicated if he had to send the documents he would not be able to help Plaintiff "get out of trouble."

17. Plaintiff never received any court paperwork from Defendant.

18. Frustrated by Defendant's frequent calls, Plaintiff asked Defendant to stop calling his cellular phone and to send him verification of the debt in writing.

19. However, Defendant continued to call Plaintiff's cellular phone.

20. Once Defendant was told the calls were unwanted and to stop, there was no lawful purpose to making further calls, nor was there any good faith reason to place calls.

21. Defendant also failed to send Plaintiff anything in writing concerning the debt and advising him of his rights pursuant to the FDCPA.

22. Defendant's actions as described herein were taken with the intent to harass, upset and coerce payment from Plaintiff.

**COUNT I**
**DEFENDANT VIOLATED §§ 1692d and d(5) OF THE**
**FAIR DEBT COLLECTION PRACTICES ACT**

23. Section 1692d of the FDCPA prohibits debt collectors from engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

24. Section 1692d(5) of the FDCPA prohibits debt collectors from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously

with intent to annoy, abuse, or harass any person at the called number.

25. Here, Defendant violated §§1692d and 1692d(5) of the FDCPA when it harassed Plaintiff in connection with the collection of an alleged debt, by calling him multiple times a day on his cellular telephone, caused his telephone to ring repeatedly and continuously, and engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

## COUNT II
## DEFENDANT VIOLATED §§ 1692e, 1692e(5) and 1692e(10) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

26. Section 1692e of the FDCPA prohibits debt collectors from using false, deceptive or misleading representation or means in connection with the collection of any debt.

27. Section 1692e(5) of the FDCPA prohibits debt collectors from misrepresenting that they will take legal action when they lack intent or ability to do so.

28. Section 1692e(10) of the FDCPA prohibits debt collectors from using false representations or deceptive means to collect a debt or to obtain information from a consumer.

29. Defendant violated §§ 1692e, 1692e(5) and 1692e(10) of the FDCPA, when it misrepresented that it had a summons and was taking legal action against Plaintiff when it had not taken such action and did not have the intent to do so, and when it made other false, deceptive or misleading representations.

## COUNT III
## DEFENDANT VIOLATED § 1692f OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

30. Section 1692f prohibits a debt collector from using any unfair or unconscionable

means in connection with the collection of a debt.

31. Defendant violated § 1692f when it placed repeated calls to Plaintiff, failed to stop calling upon request, failed to send anything in writing to Plaintiff setting forth his rights, misrepresented that it had a summons against Plaintiff, and when it engaged in other unfair and unconscionable practices.

**COUNT IV**
**DEFENDANT VIOLATED § 1692g(a) OF THE**
**FAIR DEBT COLLECTION PRACTICES ACT**

26. Section 1692g(a) requires a debt collector to provide within five days after the initial communication with a consumer in connection with the collection of any debt, send the consumer a written notice containing -- (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

27. Defendant violated § 1692g(a) when it failed to send Plaintiff notice as required under the FDCPA with his rights.

WHEREFORE, Plaintiff, ROBERT SHIRK, respectfully prays for a judgment as follows:

    a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b. Statutory damages of $1,000.00 for its violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

    d. Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, ROBERT SHIRK, demands a jury trial in this case.

DATED: 06/26/14                  KIMMEL & SILVERMAN, P.C.

                                        By: /s/ Amy L. Bennecoff
                                              Amy L. Bennecoff (275805)
                                              30 East Butler Pike
                                              Ambler, PA 19002
                                              Telephone: (215) 540-8888
                                              Facsimile: (215) 540-8817
                                              Email: abennecoff@creditlaw.com
                                              Attorney for Plaintiff